UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
MAR 27 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-241-GWU

LARRY JOSEPH, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Larry Joseph brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Joseph, a 51 year-old former coal mine heavy equipment operator with a high school education, suffered from impairments related to low back pain, osteoarthritis in both knees, (being status post ACL reconstruction and post open reduction internal fixation of a tibia/fibula fracture with intramedullary Rod placement), borderline intellectual functioning and mild carpal tunnel syndrome. (Tr. 26, 29). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 33). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 33). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 34).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Jackie Rogers included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to stand or walk for more than two hours out of an eight-hour time period; (2) an inability to sit for more than eight hours a day with normal breaks; (3) a need to avoid heights and dangerous machinery; (4) a need to avoid concentrated exposure to fumes, dust, gases, smoke, or chemicals; (5) an inability to ever climb ladders or ropes; (6) an inability to more than occasionally stoop, crouch, kneel or crawl; (7) a need to avoid uneven terrain; (8) a need to avoid pushing or pulling with the lower extremities; (9) an inability to understand, remember or carry out more than simple instructions and repetitive tasks; and (10) a need to avoid concentrated or repetitive use of the hands. (Tr. 397-398). In response, the witness identified a significant number of other jobs in the national economy which could still be performed. (Tr. 398). Therefore, assuming that the vocational factors considered by Rogers fairly depicted Joseph's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Joseph was found capable of performing a restricted range of light level work in an administrative decision which became final on September 29, 2000.[1] (Tr. 48-58). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual

---

[1]This action was appealed to Federal District Court and affirmed by the undersigned. (Tr. 27).

6

functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

Dr. Kenneth Phillips, a non-examining medical reviewer, indicated that the new evidence submitted since the prior denial decision did not indicate deterioration in Joseph's condition since that time. (Tr. 191). Such treating and examining sources as Dr. Vidya Yalamanchi (Tr. 189) and Dr. Mukat Sharma (Tr. 301-302) did not impose more severe physical functional limitations than those found by the previous ALJ. These reports provide substantial evidence to support the administrative decision.

Dr. George Chaney, a treating family physician, did identify the existence of more severe physical restrictions than found by the ALJ in a February, 2002 assessment. (Tr. 225-228). When Dr. Chaney's restrictions were presented to the vocational expert, she could cite no jobs which could still be performed. (Tr. 399-400). The ALJ rejected Dr. Chaney's limitations as binding because he did not believe they were well-supported by objective medical data. (Tr. 28-29). This decision was appropriate.

Dr. Chaney related most of his restrictions to degenerative disc disease. (Tr. 225-228). However, a January, 2002 physical examination revealed no gross deficits to light touch in the upper extremities and no gross deficits to motor deficits in the lower extremities. (Tr. 246). Gait and station was normal. (Tr. 246). Motor testing of the lower extremities in April of 2002 was normal. (Tr. 306). No severe or progressive neurological deficit was found in the lower extremities in May of 2002. (Tr. 303). A physical examination in April of 2003

7

revealed no deformities, with muscle strength and reflexes intact bilaterally in the lower extremities. (Tr. 336). The plaintiff was referred to a neurosurgeon but apparently did not follow-up. (Tr. 336). In September of 2003, despite complaints of hand pain, the claimant had a full range of motion in the fingers. (Tr. 333). He was referred to an orthopedic surgeon but the record does not indicate that this treatment option was pursued. (Tr. 334). Treatment notes again reveal no deformities upon examination of the back with intact bilateral lower extremity muscle strength and reflexes in November of 2003, as well as normal appearing gait and posture. (Tr. 332). In December of 2003, the patient indicated that his back pain complaints were relieved by medication. (Tr. 330). In January of 2004, Joseph complained about right shoulder pain. (Tr. 328). No pathological reflexes were detected in either the upper or lower extremities. (Tr. 329). Therefore, under these circumstances, the plaintiff has failed to demonstrate that his physical condition deteriorated after September, 2000.

Dr. F. Mongiardo evaluated Joseph for headache complaints in October and November of 2001. Dr. Mongiardo performed an audiogram which revealed bilateral sensorineural hearing loss. (Tr. 223). The doctor suggested that the plaintiff should protect himself from noise exposure. (Tr. 223). This finding suggests the existence of a new impairment indicating deterioration of the plaintiff's condition. The need for hearing protection was not included in the hypothetical question. However, the undersigned notes that this limitation was actually contradicted by Dr. Chaney in February of 2002, when he specifically indicated that the plaintiff had no restriction with regard to noise. (Tr. 227). The plaintiff has not raised the omission of this factor from the hypothetical question as an issue. Finally, review of the <u>Dictionary of Occupational Titles</u> (DOT) suggest that at least the jobs of information clerk (DOT Section 237.367-022)

8

and checker (DOT Section 222.687-010) would not require exposure to loud noise. Therefore, any error would appear harmless.

The record does not reveal the existence of more severe mental impairments than those found by the ALJ. Psychologists Ed Ross (Tr. 192) and Jay Athy (Tr. 207) each reviewed the record and opined that Joseph did not suffer from a "severe" mental impairment. Therefore, the ALJ dealt properly with the evidence relating to the plaintiff's mental condition.

Joseph argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively-determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Joseph was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Joseph's pain complaints.

The Court notes that Joseph submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ. (Tr. 346-361). This action raises an issue concerning a remand for the taking of new evidence

9

before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). In the present action, the plaintiff has failed to adduce arguments as to why such a remand is required.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 27 day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE